Per curiam

it is insisted by the Plaintiff’s counsel, that out* act intended to put bail upon the same footing here hS in England by the rules of the common law ; and there the condition of the recognizance was forfeited by a non est inventus returned to the capias ad satisfaciendum; for upon that return it appeared, the Defendant iiad neither paid the money nor surrendered himself to prison j but by the favour of the court the bail are dischargeable if they surrender before the return of the second sci.fa. but (hat surrender must he made to the court,. It is very evident that our Legislature intended to allow to bail greater privileges than were allowed by the common law in the English practice. Our law allows a surrender to the Sheriff; and a surrender at any time before final judgment against the bail, shall discharge them. 1777, c. 2, s. 19, 20, 79. As to the judgment of the County Court which Isas been rendered, that was not a final' judgment, it was suspended, or rather nullified by the appeal — so much so, that there can never afterwards be any proceedings upon such judgment after it is appealed from. Wherefore, as to the general question, whether bail may surrender under such circumstances, we are of opinion for the Defendant. It may indeed operate hardship in the. case stated by the counsel, where a Defendant comes in and is surrendered after the Plaintiff lias prosecuted the bail through the County Court, at a great expenee, into this court : but then it is in die d¡section of the court whether they will receive a plea puis darrein continuance ; and they may receive if, upon the terms of the Defendants ¡laying all costs to that time, and ttie injustice spoken of by that means be avoided. .As to the form of the plea — every plea should disclose all such circumstances as the law requires to make up a valid de-fence against the. Plaintiff's action, and the omission of any material circumstance, without which the matter pleaded would not be a good discharge in law, makes the ¡ilea invalid. Now the law requires the surrender to be made either in court, or to the Sheriff in the recess of the court; and this is material to be set forih. that the Plaintiff may know how to reply if false; for if it be alleged as a surrender in court, the replication is mil tiel record. If out of court, the fact is denied and referred to the decision of a jury. Unless it be set forth to whom the surrender was, it is impossible to know how to reply — there *419 fore p]ea }g ¡)a(] as t0 the form in which it is pleaded. The demurrer does not, as is contended, admit the fact of a surrender. A general demurrer admits the fact, and insists it is not sufficient in law for the purpose to which it is adduced: but where a fact if well pleaded might have been sufficient, but it is so pleaded that the other party cannot know how to controvert it: or in other words where the fa< t is improperly and informally pleaded, and the demurrer specially seis forth the cause thereof, it does not admit the fact, bul refers the plea to the court for illegality and informality. However, as the substance of this plea shews a good discharge, it is hard the party should be charged by mispleading-^we will delay giving judgment for the present, and lecommend to the parties an amendment of the pleadings, so that judgment may be given upon the merits. As to the two cases not yet pleaded to in this court, the Defendant may now plead, paying the costs up to this time.
Note. — The case of Peace and Kittrell v. Person & Gordon, 1 Murph. 188, decides that the surrender of the principal by his bail at any time before final judgment against them, will discharge them, and entitle them to the" costs of the sci, fa. But this is now altered by the act of 1827. c. IS, as to the costs which may accrue in the case where, the bail is discharged by the d'-ath or surrender of the principal after the term at which the bail is bound to appear and plead to the set./a. As to effect of an appeal from an Inferior to a Superior Court, see Murry v. Smith, 1 Hawks 41.